GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

OYUN ANTONIO VEGA                                        *Plaintiff,*

    *v.*                                        Case No. _____

FORD COUNTY SHERIFF,
BOARD OF COMMISSIONERS
OF FORD COUNTY KANSAS,   and
BRIAN STAMMER                                        *Defendants.*

## COMPLAINT

COMES NOW plaintiff Oyun Antonio Vega, and for his cause of action against the defendants alleges and states as follows:

1.    Plaintiff Oyun Antonio Vega is a resident of Ford County, Kansas.

2.    The defendants are residents of the State of Kansas, and at all times relevant to these proceedings were employed by Ford County, Kansas and/or the Ford County Sheriff's Office.

3.    This action arises under the laws of the United States and presents a federal question within this Court's jurisdiction.  It is brought pursuant to 28 USC §§1331, 1343 and 42 USC §1983, et seq.  This Court also has jurisdiction over the supplemental state

law claims of the plaintiff pursuant to 28 USC §1367.

4. Venue is proper under 28 USC §1391(a)(1) because the acts or omissions giving rise to the plaintiff's case occurred in Ford County, Kansas.

5. On February 14, 2018, the plaintiff was the driver of a vehicle that was stopped in Dodge City, Kansas by Ford County Sheriff's Deputy Brian Stammer on suspicion of having committed a traffic infraction.

6. Plaintiff was on edge when he saw Deputy Stammer exit his patrol vehicle and approach plaintiff's vehicle for a number of reasons, including that:

   a. Plaintiff was still within a period of supervision under a diversion/deferred prosecution agreement involving felony drug charges where Deputy Stammer was the arresting officer, and the encounter they had at the time of that arrest started pleasant but grew hostile.

   b. The (current) stop took place early in the morning, and plaintiff had been working all day and felt particularly anxious.

   c. Plaintiff has a history of medical treatment for both physical and mental health ailments; he was in a bad mental cycle.

   d. There was a small amount of marijuana in plaintiff's vehicle.

   e. Plaintiff had very recently parted ways on bad terms with his insurance agency business partner of many years, who also happened to be a former Ford County Sheriff's Deputy. In plaintiff's mind at least if not in actuality, it was his belief

that Deputy Stammer's traffic stop of his vehicle was not a coincidence.

f.  Plaintiff had a lawfully registered firearm in his vehicle; he began to panic (in part due to the circumstances of his prior encounter with Deputy Stammer, and in part due to recent attention in the news media over police shootings involving minorities) in the belief that Deputy Stammer might overreact at the presence of a firearm in the vehicle and that this might result in his (plaintiff) getting shot.

7.  As a result, upon Deputy Stammer's approach, plaintiff respectfully and not in a threatening way advised him that he felt uncomfortable with the situation, that there was a firearm located in a bag in the vehicle, and he needed to call his lawyer for help (and proceeded to do so, although the call went unanswered due to the early morning hour.)

8.  Plaintiff did not comply with Deputy Stammer's instructions to provide license/registration/insurance because he did not want to reach into the glove compartment and be perceived as trying to draw a weapon.  Instead he attempted to call his attorney and he rolled up the window.

9.  Subsequently Deputy Stammer called for backup, and a team of Ford County Sheriff's Deputies and Dodge City Police Officers smashed out his car driver's side window and violently and forcibly extracted plaintiff out of the vehicle through the opening they made.  Plaintiff was physically hurt in the course of this process, and his already fragile

state became more agitated.

10.   Plaintiff was then placed under arrest for interference with law enforcement, and he was handcuffed. There were approximately six law enforcement officers on scene at the time.

11.   Plaintiff became terrified of the whole ordeal, the show of force, and the flashing lights from several patrol vehicles. He suffered a mental break and tried to run away (while handcuffed behind his back and in the presence of around six law enforcement officers–this was a completely irrational flight response.)

12.   Deputy Stammer's partner, Deputy Ligon, grabbed plaintiff during his initial effort at running. The momentum caused Deputy Ligon to lose his balance and fall down into and strike plaintiff's parked vehicle. It appears he was initially hurt but subsequently "walked the injury off."

13.   Plaintiff fell down after essentially being tripped up by Deputy Ligon and then grabbed by other law enforcement officers.

14.   Deputy Stammer appeared to be incensed at plaintiff's odd attempt to run and the fact that this action hurt Deputy Ligon. Multiple body-cam images show what happened next: Deputy Stammer clearly and unnecessarily slammed plaintiff's head down onto the trunk of a parked patrol vehicle–multiple cameras recorded the loud "thunk" that resulted as well as plaintiff's expression of pain.

15.   As a result, plaintiff suffered significant damages including but not limited to mental

anguish, permanent bodily injury, and loss of enjoyment of life.

16.     At all times relevant to this action, Deputy Stammer was acting under color of state law as an official of the Ford County Sheriff's Office.  His illegal conduct was a product of the Sheriff's failure to train, as well as the Sheriff's custom and policy and the Sheriff's Office, and by extension Ford County, Kansas are therefore liable.

17.     Deputy Stammer committed a battery on the plaintiff in the course of his arrest.

18.     The relevant appropriate standards and protocol regarding law enforcement officers' use of force and restraint were not followed by Deputy Stammer.

19.     Deputy Stammer's reckless and malicious conduct mandates an award of punitive damages as well.

WHEREFORE the plaintiff respectfully prays for a judgment in actual and punitive damages in excess of $75,000.00, plus his costs, attorney fees, and any and other such relief as this Court may deem just or equitable in the premises.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By:     /s/ Peter J. Antosh
          Peter J. Antosh   #21334
          Attorneys for Plaintiff

5

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas as the place of the trial of this action.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By:    /s/ Peter J. Antosh
Peter J. Antosh    #21334
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

Respectfully Submitted,

GARCIA & ANTOSH, LLP
1401 Central
Dodge City, Kansas 67801
(620) 225-7400  P
(620) 225-4339  F
pja22@yahoo.com

By:    /s/ Peter J. Antosh
Peter J. Antosh    #21334
Attorneys for Plaintiff

6